UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
MARILU VARESI,                     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 14-25 S
                                   )
AETNA; AETNA LIFE INSURANCE        )
COMPANY,                           )
                                   )
        Defendants.                )
_____)

## MEMORANDUM & ORDER

WILLIAM E. SMITH, Chief Judge.

Defendants, Aetna and Aetna Life Insurance Company ("Aetna"), have filed a motion for summary judgment. (ECF No. 12.) Plaintiff, Marilu Varesi, has not filed an opposition or otherwise responded, and the time for doing so has long passed. For the following reasons, Aetna's motion is GRANTED.

I.  Background[1]

Varesi was employed by Bank of America ("the Bank") as a Senior Claims Analyst. (Defs.' Statement of Undisputed Facts ("SUF") ¶ 1, ECF No. 13.) This position is a

---

[1] Pursuant to LR Cv 56(a)(3), all of the facts alleged in Aetna's Statement of Undisputed Facts are deemed admitted because Varesi has failed to expressly deny or otherwise controvert them. See also Martin v. Law Offices of Howard Lee Schiff, P.C., C.A. No. 11-484 S, 2013 WL 5269973, at *1 n.1 (D.R.I. Sept. 16, 2013).

sedentary one that requires sitting most of the time, along with some walking or standing for brief periods of time. (Id. at ¶ 13.)  Additionally, Senior Claims Analysts must have the ability to exert up to ten pounds of force up to one-third of the time (and a negligible amount of force for the remainder of the time) in order to lift, carry, push, pull, or otherwise move objects. (Id.)

As an employee of the Bank, Varesi was enrolled in the Bank's Group Benefits Program, which includes a Short Term Disability Plan and a Long Term Disability Plan (collectively, "the Disability Plans"). (Id. at ¶ 2.)  The Disability Plans are governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (Id.)  Aetna was the claims administrator for claims submitted to the Bank under the Disability Plans. (Id. at ¶ 4; see also Bank of Am. Grp. Benefits Program ("Plan") Ex. A-8, ECF No. 22-1; Bank of Am. Assoc. Handbook 2010 ("Handbook") § IX, p. 174, ECF No. 16.)[2]

---

[2] The Plan – which appears to be the governing "written instrument" under ERISA, 29 U.S.C. § 1102(a)(1); see Tetreault v. Reliance Standard Life Ins. Co., 769 F.3d 49, 53 (1st Cir. 2014) – expressly incorporates the Handbook into the Short Term Disability Plan. (See Bank of Am. Grp. Benefits Program ("Plan") art. III, ¶ 3.2, Ex. A-1 n.1, Ex. A-8, ECF No. 22-1.)  Under the Plan, the Handbook "contain[s] the substantive provisions governing benefits

Varesi left her employment with the Bank on July 23, 2012. (Id. at ¶ 1.) On July 27, 2012, the Bank notified Aetna of Varesi's intention to seek short-term disability benefits. (Id. at ¶ 10.) The Short Term Disability Plan defines "disability" as an "inability to perform [the claimant's] essential occupation functions . . . for more than seven consecutive calendar days because of a pregnancy, illness, injury, non-elective surgery or hospitalization." (Handbook § IX, p. 174, ECF No. 16.) Claimants seeking short-term disability benefits must provide satisfactory objective medical evidence documenting their qualifying disability. (Id.) Both the Plan and the Handbook give Aetna discretionary authority to decide claims for benefits made under the Short Term Disability Plan. (See Plan art. IX, ¶ 9.1(a), ECF No. 22-1; Handbook § IX, p. 174, ECF No. 16.)

In support of her claim for short-term disability benefits, Varesi submitted an Attending Physician Statement ("APS"), which was completed by Dr. Luis Osorio, Varesi's physician, and stated that Varesi should receive benefits

---

provided through" the Short Term Disability Plan (id. art. III, ¶ 3.2). Cf. Tetreault, 769 F.3d at 57 (holding that "a benefit plan may expressly incorporate its internal appeals deadline into the written instrument through a summary plan description").

3

from July 25, 2012 through August 22, 2012 because she complained of cramps. (Defs.' SUF ¶¶ 11-12, ECF No. 13.) Critically, Dr. Osorio's APS did not explain how the complained-of cramps affected Varesi's ability to perform the essential functions of the Senior Claims Analyst position. (Id. at ¶ 16.) Concluding that Varesi had not submitted sufficient medical information, Aetna denied her claim for short-term disability benefits. (Id. at ¶¶ 14-18.)

In response, Varesi submitted a second APS from Dr. Osorio, which related that she had been diagnosed with chronic pain syndrome, cramps, and muscle weakness. (Id. at ¶ 20.) Varesi also provided her medical records from a neurophysiologist and a chiropractor. (Id. at ¶¶ 30-33.) Her chiropractor had treated her for a chronic right-sided cervical strain with associated cervical brachial syndrome, and her neurophysiologist diagnosed her with cervical radiculopathy and cervical spine stenosis. (Id. at ¶¶ 30, 33.) Finally, Varesi provided to Aetna multiple medical notes from her orthopedic surgeon, but no medical records from this provider. (Id. at ¶¶ 36-39.)

Aetna retained Dr. Jamie Lewis as an independent physician review consultant. (Id. at ¶ 41.) After

4

reviewing the information Varesi submitted to Aetna, Dr. Lewis determined that the impairments identified by Varesi's medical providers would not impact Varesi's ability to perform the essential functions of her sedentary position. (Id. at ¶¶ 43, 45.) Dr. Lewis also concluded that the restrictions and limitations recommended by Varesi's medical providers were not supported by any objective findings. (Id. at ¶ 46.) Despite being given an opportunity to do so by Aetna, Varesi's medical providers did not submit a response disagreeing with Dr. Lewis's opinions. (Id. at ¶ 48.) Aetna subsequently upheld its initial adverse-benefit determination on appeal, citing a lack of documentation to support Varesi's claim that she could not perform the essential functions of her position. (Id. at ¶¶ 49-50.)

Varesi filed suit against Defendants, claiming that Aetna improperly denied her claim for short-term disability benefits. (Compl. ¶¶ 6-8, ECF No. 1-1.) Additionally, although Aetna has no record indicating that Varesi filed a claim for long-term disability benefits (Defs.' SUF ¶ 55, ECF No. 13), her Complaint also alleges that she sought long-term disability benefits and that Aetna wrongfully denied that claim as well (Compl. ¶¶ 6-8, ECF No. 1-1).

5

II. Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court does not automatically grant an unopposed motion for summary judgment; rather, "[i]n the First Circuit . . . the Court must make a determination that entry of summary judgment is appropriate." Robinson v. Wall, C.A. No. 09-277 S, 2015 WL 728508, at *3 (D.R.I. Feb. 19, 2015) (quoting United States v. Giordano, 898 F. Supp. 2d 440, 446 n.2 (D.R.I. 2012)).

In this case, Defendants have shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. The Short Term Disability Plan gives Aetna discretion to make benefit determinations. (See Plan art. IX, ¶ 9.1(a), ECF No. 22-1; Handbook § IX, p. 174, ECF No. 16.) Therefore, this Court must review Aetna's denial of benefits under the Short Term Disability Plan for abuse of discretion. See McDonough v. Aetna Life Ins. Co., 783 F.3d 374, 379 (1st Cir. 2015). Abuse-of-discretion review in the ERISA context requires a determination of "whether the claims administrator's decision is arbitrary and capricious or, looked at from

6

another angle, whether that decision is reasonable and supported by substantial evidence on the record as a whole."[3]  Id.

This Court discerns no abuse of discretion in this case.  In order to obtain benefits under the Short Term Disability Plan, Varesi needed to provide Aetna with medical evidence indicating that she was unable to perform the essential functions of the Senior Claims Analyst position.  (See Handbook § IX, p. 174, ECF No. 16.)  Varesi failed to shoulder this burden.  None of the medical documentation that Varesi provided to Aetna contained an explanation from any of her medical providers of how her impairments rendered her unable to perform the essential functions of her position.  Moreover, Dr. Lewis, the independent physician review consultant retained by Aetna, reviewed the submitted information and concluded that the impairments identified by Varesi's medical providers would not impact her ability to perform the essential functions of her sedentary position.  (Defs.' SUF ¶¶ 41, 43, 45, ECF No. 13.)

---

[3] "Evidence is deemed substantial when it is reasonably sufficient to support a conclusion." Niebauer v. Crane & Co., 783 F.3d 914, 928 (1st Cir. 2015) (quoting Ortega-Candelaria v. Johnson & Johnson, 755 F.3d 13, 20 (1st Cir. 2014)).

Faced with Varesi's failure to provide documentation that sufficiently supported her claimed disability, Aetna's decision was not arbitrary and capricious, but instead was eminently reasonable and supported by substantial evidence. Therefore, Aetna is entitled to summary judgment on Varesi's claim that it improperly denied her benefits under the Short Term Disability Plan.

This Court reaches a similar conclusion with respect to Varesi's claim that Aetna improperly denied her long-term disability benefits, but it does so for different reasons. In moving for summary judgment on this claim, Aetna has provided the declaration of Kenneth Ingram, a manager in Aetna's Group Insurance Claim Operations area (Ingram Decl. ¶ 1, ECF No. 14), in which Ingram states that "Aetna has no record of [Varesi] having ever filed a claim for [long-term disability] benefits." (Id. at ¶ 3.) Therefore, Aetna has met its burden of showing that there is no genuine issue of material fact with respect to Varesi's claim against Aetna for the denial of long-term disability benefits. To defeat summary judgment on this claim, Varesi needed to set forth specific facts demonstrating the existence of a genuine issue of material fact; she cannot simply rest on the allegations in her

8

complaint. See Roger Williams Univ. Faculty Ass'n v. Roger Williams Univ., 14 F. Supp. 3d 27, 32 (D.R.I. 2014). Because there is no evidence that Varesi ever sought long-term disability benefits, she cannot maintain her claim that Aetna improperly denied her those benefits. See Medina v. Metro. Life Ins. Co., 588 F.3d 41, 47-48 (1st Cir. 2009); Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 825-26 (1st Cir. 1988).

III. Conclusion

For these reasons, Aetna's unopposed motion for summary judgment is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 27, 2015